## PHILIPS *against* BRAINARD.

It is not essential, that affidavit for a certiorari to a justice's court, state the verdict or judgment.

The omission may be supplied by an affidavit made after the thirty days.

The 90 days, within which the affidavit is to be laid before the judge for allowance are computed from the time of making the affidavit.

J. A. SPENCER, moved to set aside a writ of *certiorari* to a Justice's Court. The affidavit, on which the *certiorari* was founded, detailed the facts so as to exhibit the errors relied upon, but omitted to state the verdict or judgment. The *jurat* was dated August 9th, 1823, and on the 4th November thereafter the defendant below made another affidavit stating the verdict and judgment, and the *certiorari* was laid before the Hon. N. WILLIAMS, Circuit Judge, and allowed on that day. Judgment was, in fact, rendered July 11, 1823.

*Spencer* made two points : 1. That the affidavit showing the verdict and judgment, though of the substance of the affidavit on which the *certiorari* was allowed, was not made within 30 days ; and 2. That the affidavit was not laid before the Circuit Judge within 90 days after the judgment. He

cited *Dickson* v. *Selye*, (6 John. Rep. 326,) and *Clark* v. *Lawrence*, (1 Cowen, 48,) and 1 R. L. 396.

Phillps
v.
Brainard.

*J. Platt*, contra, said, the verdict and judgment are not a material part of the proceedings. The 17th section of the act, (1 R. L. 396,) provides, that the party applying for the *certiorari* shall, within 30 days after the judgment, make affidavit, satisfying the officer who allows the writ, that there is reasonable cause for granting it, for error in the judgment, which shall be specified in the affidavit; and within 90 days thereafter cause the affidavit to be presented to the officer. Where the affidavit discloses material, errors in the pleadings or proofs, the legislature never could have intended that the mere formal statement of the verdict or judgment should be essential. There is no use in such a statement. The very application for a *certiorari* is an averment that there is a judgment of some sort. If at all material the 6th of Johnson's Reports, cited on the other side, presents a class of cases, in which the present is included, allowing a supplemental affidavit, to supply the defect, after the thirty days. The 90 days are to be computed from the time of taking the affidavit—not the rendition of the judgment.

*Curia.* We are clearly with you that the affidavit was presented to the Judge in proper season. The only question is, whether the supplemental affidavit was admissible.

*Spencer*, in reply. By the statute, the officer allowing the *certiorari* is to be satisfied by affidavit showing for cause that there is *error in the judgment*. These are the very terms of the statute. The affidavit must necessarily show a judgment, before it can point out the errors which it contains. The judgment is a part of the merits on which the writ is founded. *Dickson* v. *Selye* settles this question. The Court say, in that case, that every thing relating to the merits must be stated in the affidavit which is made within the 30 days.

*Curia.* The only question is, whether the Judge was warranted in receiving the supplemental affidavit. We think the mere omission to state the judgment might be supplied

ALBANY,
Feb. 1823.

Jackson
v.
Lytle.

by an affidavit made after the 30 days. There was no error complained of in the judgment itself. The party stated all which he relied upon for error within the 30 days, which was a substantial compliance with the statute.

Motion denied.